IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:  The Matter of JEREMY GLISPIE,   )
                                        )   CIVIL NO. 05-921-GPM
                    Petitioner.         )

## **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on a "Petition Seeking Approval of a Transfer of Structured Settlement Payment Rights" (Doc. 1). Counsel has requested an immediate hearing.

As a Court of limited jurisdiction, this Court must be satisfied that it has subject matter jurisdiction before it proceeds. The petition sets forth no basis for federal subject matter jurisdiction. The federal statute it references, 26 U.S.C. § 5891, does not confer subject matter jurisdiction, and there are no allegations that the parties are diverse citizens (in fact, it does not appear that the amount in controversy requirement of $75,000, exclusive of interest and costs could be met in any event).

A plaintiff is obligated to establish jurisdiction, and if the plaintiff fails to properly establish in the complaint that the case comes within the jurisdiction of the federal courts, the court may either (1) dismiss the case immediately for lack of jurisdiction or (2) call for the plaintiff to file a proper jurisdictional statement. *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). In this case, the Court will grant Petitioner an opportunity to establish federal subject matter jurisdiction.

Accordingly, Petitioner **SHALL**, on or before **January 27, 2006**, file a jurisdictional

Dockets.Justia.com

memorandum setting forth the basis for this Court's subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  01/18/06

                                                  s/ G. Patrick Murphy  
                                                  G. PATRICK MURPHY  
                                                  Chief United States District Judge